IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Crim. Action. No. 15-23-RGA |
| ) | |
| DAVID R. GIBSON, ) | |
| ROBERT V. A. HARRA, ) | |
| WILLIAM NORTH, and ) | |
| KEVYN RAKOWSKI, ) | |
| ) | |
| Defendants. ) | |

ORDER ON PSR OBJECTIONS

The Harra presentence investigation report has been filed. (D.I. 883; *see also* D.I. 884). Defendant makes various objections. I resolve the objections as follows.

The first objection is that paragraph 31 does not include certain language from the promissory notes. I overrule the objection because the language from the promissory notes is irrelevant.

The second objection is that paragraph 33 states too broadly how the Bank was supposed to renew matured loans, and problems associated with doing so in 2009. I overrule the objection as I believe the trial record supports the relevant statements.

The third objection is to the reference in paragraph 37 to SHAW as an internal accounting system that considered matured loans to be past due. Since I think that is an accurate statement about SHAW, I overrule the objection. I do not interpret the statement as meaning that SHAW was the arbiter of what was, or was not, a past due loan under the law.

The fourth objection is that the description in paragraph 45 of Harra's responsibilities should be modified. I overrule that objection since the description is the Bank's own characterization of Harra's responsibilities.

The fifth objection is to paragraph 70's reference that Defendants "never informed" Federal Reserve Examiners about the Waiver Practice, the mass-extension process, or the Bank's pool of matured and maturing loans. I think a better characterization (consistent with how I have previously described it) is that Defendants "never directly informed" the examiners, etc. Thus, I sustain the objection and order that the word "directly" be added.

The sixth objection was to the PSR's characterization (by way of a heading) of certain information relating to the merger with M&T. The presentence officer has changed the heading, and the objection is now moot.

IT IS SO ORDERED this 17 day of December 2018.

_____
United States District Judge